IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY B. HIGHTOWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-3189-SSA-CV-S-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Anthony Hightower seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning on June 27, 2002.

The parties' briefs were fully submitted, and on March 10, 2009, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Anthony Hightower was 43 years old at the time of the administrative hearing. He had a high school education and previous work experience as an office cleaner, forklift operator and cook. He alleged he became unable to work on June 27, 2002, because of a back problem, hearing problems, and depression.

After consideration of the evidence of record, the Administrative Law Judge (ALJ) found Hightower had discogenic and degenerative disorders of the back and left-sided hearing loss. He noted claimant had injured his back at work in 2002, worked sporadically after that, underwent steroid injections and eventually had minimally invasive back surgery in 2006. Claimant reported an inability to hear in his left ear that had persisted for many years.

After setting forth his reasons, the ALJ determined Hightower retained the residual functional capacity to perform his past relevant work. He was precluded from lifting more than ten pounds frequently and twenty pounds occasionally, standing and walking more than six hours in an eight-hour work day, and sitting more than six hours in an eight-hour work day. He could only occasionally climb ropes, ladders and scaffolds, and should avoid concentrated exposure to noise and vibration.

In his request for judicial review, claimant asserts the ALJ improperly substituted his own opinion for that of medical sources, didn't consider the impairments in combination, failed to give appropriate weight to the opinion of the treating doctors, and reached a residual functional capacity that is not supported by the record. Hightower further claims the new evidence submitted to the appeals council should have been considered and that he could not reasonably return to his former work with the limitations imposed by the ALJ.

The Commissioner responded in support of the ALJ's findings, and noted that plaintiff's medical records did not show treatment prior to 2005, but he alleged disability beginning in mid-2002. There was evidence in the recording indicating Hightower stopped working because he moved to Missouri to care for his mother, and not because of his impairments. Likewise, the records did not show muscle atrophy, some of the records indicated he had a full range of motion and his own treating physician did not impose any limits on claimant's mental capacity because of depression.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995).

In this case, the ALJ discounted the opinion of Dr. Morse and explained he had done so because the medical source statement was completed shortly after claimant had undergone surgery and Dr. Morse was not available to expand on his previous findings. Further, the ALJ noted Dr. Morse's opinion would not preclude all sedentary work, the records did not document treatment between August 2006 and 2007, and there were no documented, long-term physician-imposed restrictions on claimant's functional capacity.

"The ALJ is required to assess the record as a whole to determine whether treating physicians' opinions are inconsistent with substantial evidence on the record. 20 C.F.R. § 404.1527(d)(2). 'A treating physician's opinion is generally given controlling weight, but is not inherently entitled to it.' Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006). See 20 C.F.R. § 404.1527(d)(2). An ALJ may elect under certain circumstances not to give controlling weight to treating doctors' opinions. A physician's statement that is 'not supported by diagnoses based on objective evidence' will not support a finding of disability. Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir.2003). If the doctor's opinion is 'inconsistent with or contrary to the medical evidence as a whole, the ALJ can accord it less weight.' Id.; see also Hacker, 459 F.3d at 937; 20 C.F.R. § 404.1527(d)(2). It is the ALJ's duty to resolve conflicts in the evidence. See Hacker, 459 F.3d at 936." Travis v. Astrue , 477 F.3d 1037, 1041 (8th Cir. 2007).

After careful review of the record and the parties' briefs, and consideration of the arguments, the court finds there is substantial evidence on the record as a whole to support the ALJ's determination that claimant is not disabled within the meaning of the Social Security Act. The court notes plaintiff's failure to submit records of medical treatment prior to 2005, notations in the submitted records that claimant had full range of motion and no muscle atrophy, and no indication that his depression was severe, disabling or otherwise caused substantial changes in his activities of daily living. While the record is less clear that claimant could return to his former work given the limitations on lifting and vibrations, there is evidence that claimant could still do other sedentary work with a sit/stand option - and this court is not permitted to engage in a de novo review.

The issue is not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th

Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).

Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 18th day of March, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge